UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ILLINOIS

In re: )
                                                     )

WHITE STAR LINE, LLC ) Case No. 14-30048
                                                     )

Debtor. ) Chapter 11

*14-126-JPG*

### REGIONS BANK'S MOTION TO WITHDRAW THE REFERENCE TO THE UNITED STATES BANKRUPTCY COURT

Comes now Regions Bank ("Movant"), by counsel, and for its motion to withdraw the reference under 28 U.S.C. § 157(d) and Local Rule Br1001.1 of the United States District Court for the Southern District of Illinois, respectfully states as follows:

1. This case was transferred from the District of Delaware to the Southern District of Illinois on January 16, 2014, and was referred to the United States Bankruptcy Court for this District.

2. Movant, Regions Bank, is the holder of a claim secured by a lien on a vessel now known as the "White Star One" (the "Vessel"), and formerly known as the "Casino Queen," now berthed at Mike's, Inc., 3891 Canal Way, Wood River, IL 62024, approx. mile 198.8, Upper Mississippi River.

3. Movant's lien was perfected by registration of a Preferred Ship Mortgage in the appropriate office of the United States Coast Guard.

4. The Vessel is in the custody of the United States Marshal for the Southern District of Illinois under admiralty law pursuant to an order issued by the United States District Court for the Southern District of Illinois in the case, *Mike's Inc. v. Vessel White Star One et al.,* case no. 3:13-cv-00232-DRH-DGW (the "Admiralty Case").

5. Debtor filed this chapter 11 case in the District of Delaware on November 14, 2013, in order for forestall the sale of the Vessel by the United States Marshal on November 15, 2013 pursuant to an Order entered in the Admiralty Case.

6. Debtor has no income and the Vessel is its only material asset, unless investigation turns up avoidable transfers that can be recovered for the benefit of creditors. If this case is to continue in chapter 11, it appears the only option available to Debtor is to sell the Vessel free and clear of liens.

7. There is uncertainty in the law concerning jurisdiction over a vessel and the treatment of liens, especially maritime liens, when a vessel's owner attempts to sell the vessel pursuant to the Bankruptcy Code but the vessel has previously been arrested and is in the custody of the U. S. Marshal pursuant to an Order of the U. S. District Court. Such an open question may render doubtful the efficacy of any bankruptcy sale of the Vessel that purports to be free and clear of such liens, thus reducing the amount that third parties may be willing to bid at a bankruptcy sale to the prejudice of creditors. See, e.g., *In re Millenium Seacarriers, Inc.,* 419 F.3d 83, 94, 96 (2d Cir. 2005) (stating in dictum at 94, "The doctrine of *custodia legis* has typically been invoked to resolve this apparent conflict . . . . [T]he court that first secures custody of the property administers the property.")

8. Resolution of the issues concerning the Vessel in this Chapter 11 case require consideration of both Title 11, U. S. Code (Bankruptcy Code) and the law of admiralty, including without limitation Title 46, U. S. Code, Chapter 313 (Maritime Liens), and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. These laws regulate organizations and activities that affect interstate commerce, including the Debtor in this case.

9. Pursuant to 28 U.S.C. § 157(d), "The district court shall, on timely motion of a party, so withdraw a proceeding [from the bankruptcy court] if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

10. It is submitted that pursuant to above statutory language, the need to consider both bankruptcy and admiralty law in connection with the sale of the Vessel and proper payment of the proceeds of such sale invokes mandatory withdrawal of the reference of this Chapter 11 case.

11. In the alternative, pursuant to 28 U.S.C. § 157(d), "The district court may withdraw, in whole or in part, any case or proceeding referred to under this section, on its own motion or on timely motion of any party, for cause shown."

12. It is submitted that the possible chilling effect of the uncertain interplay of bankruptcy and admiralty law in the circumstances of this case constitutes "cause" to withdraw the reference of this Chapter 11 case, at least insofar as the sale of the Vessel and proper distribution of the proceeds are involved.

13. Moreover, the United States District Court had presided over the Admiralty Case for several months before the filing of the Chapter 11 case and is familiar with many of the facts involved. Judicial economy would be served by withdrawing the reference from the U. S. Bankruptcy Court and allowing the U. S. District Court to preside over the Chapter 11 case through and including the sale of the Vessel and proper distribution of the proceeds thereof.

14. Any matters remaining in the Chapter 11 case after the sale of the Vessel may be adjudicated by re-referral, if appropriate, to the U. S. Bankruptcy Court.

WHEREFORE, Regions Bank prays that the referral to the United States Bankruptcy Court be withdrawn, and for such further relief as is just and proper.

THE WASINGER LAW GROUP, P.C.

/s/ James S. Cole
James S. Cole, Member of District Bar
1401 S. Brentwood Blvd., Suite 875
St. Louis, MO 63144
(314) 961-0400; fax (314) 961-2726
jcole@wasingerlawgroup.com

Attorneys for Regions Bank

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing motion and attachments were served electronically upon the Debtors' counsel, and the U.S. Trustee, according to the Court's electronic notice procedures, and that a further copy was mailed by U.S. Mail, postage prepaid, this 17th day of January, 2014, to all others of the following persons who do not participate in the ECF notification.

/s/ James S. Cole

Office of the U.S. Trustee
401 Main St., Suite 1100
Peoria, IL 61602

Michael G. Busenkell                    Attorneys for Debtor
Ronald S. Gellert
Gellert Scali Busenkell & Brown, LLC
913 N. Market St., 10th Floor
Wilmington, DE 19801

Robert Nienhuis                         Attorney for Mike's Inc.
Goldstein and Price, L.C.
One Memorial Drive, Suite 1000
Saint Louis, MO 63102

ACF Property Management, Inc.
12411 Ventura Blvd.
Studio City, CA 91604

Andrew S. Buchanan
Buchanan, Williams & Stilley, P.C.
7908 Bonhomme, Suite 200
St. Louis, MO  63105

Non-bankruptcy attorney for ACF Property Management, Inc.

Alpandra Corp.
17059 Bernardo Center Dr., Unit B
San Diego, CA  92128

Buchanan, Ingersoll & Rooney
620 Eighth Ave., 23d Floor
New York, NY  10018

Cedar Bay Entertainment, LLC
714 State Highway 248, Ste. 520
Branson, MO  65616

Cedar Bay Partners, LLC
714 State Highway 248, Ste. 520
Branson, MO  65616

Econ Consulting Services
428 Old Newport Blvd.
Newport Beach, CA  92663

Fox Galvin, LLC
1 S. Memorial Drive, 12th Fl.
St. Louis, MO  63102

Frank Turner Construction
P. O. Box 832
Hollister, MO  65673

John Joslyn
409 Riverdale Drive
Sevierville, TN  37862

Kellogg-Joslyn Trust
409 Riverdale Drive
Sevierville, TN  37862

Kevin T. Lake
7777 Bonhomme Ave., Suite 1501
St. Louis, MO  63105

Legacy Family Entertainment, LLC
409 Riverdale Drive
Sevierville, TN 37862

Manley Brothers, LLC
200 Benton St.
Valley Park, MO 63088

Mateer & Harbert PA
225 S. Robinson St., Suite 600
Orlando, FL 32801

The Business Legal Group
225 South Lake Avenue
Pasadena, CA 91101

Westgate Entertainment, LLC
714 State Highway 248, Suite 520
Branson, MO 65616

Zigmond Snows & Lang
16255 Bentura Blvd., Suite 212
Encinco, CA 91436